DA 10-0497

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 68N

IN THE MATTER OF:

C.H. and B.B.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN 08-25B and DN 08-26B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Elizabeth Thomas; Elizabeth Thomas PLLC; Missoula, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant Attorney General; Helena, Montana

        Marty Lambert, Gallatin County Attorney; Deborah Pratt, Deputy County Attorney; Bozeman, Montana

Submitted on Briefs:  February 23, 2011

Decided:  April 5, 2011

Filed:

_____
               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.B., the father of C.H. and B.B., appeals the termination of his parental rights to both children.

¶3 On September 22, 2008, the Department of Public Health and Human Services (DPHHS) filed a petition for emergency protective services and temporary legal custody of C.H. and B.B. At the hearing to show cause, D.B. stipulated, pursuant to § 41-3-434, MCA, that the children were youths in need of care. The court granted temporary custody to DPHHS and D.B. agreed to a treatment plan designed to address insufficiencies in his parenting ability. Child protection specialist, Carol Julien, monitored D.B.'s treatment plan. In the fall of 2008, D.B. underwent a psychological evaluation by Dr. Mary Jo Jeffres who found D.B. to be "severely handicapped in his parenting capacity" and "unlikely to be successful in providing an ongoing minimal standard of parenting for his two children." On December 22, 2008, D.B.'s treatment team decided to suspend his supervised visitation with the children. The court held a hearing regarding visitation on January 9, 2009, and found that the suspension of D.B.'s supervised visitation was in the best interest of the children. On September 27, 2009, Dr.

2

Ned Tranel evaluated D.B. and found that although D.B. may have made some superficial improvements, they were not substantial.

¶4 On January 28, 2010, DPHHS filed a petition to terminate D.B.'s parental rights. During the hearing regarding the petition to terminate D.B.'s parental rights, the court heard testimony from D.B., Dr. Jeffres, Dr. Tranel, and Carol Julien, among others. On June 29, 2010, the District Court issued detailed findings of fact and terminated D.B.'s parental rights.

¶5 A court's decision to terminate a parent's legal rights to a child is not a decision made lightly. *In re D.V.*, 2003 MT 160, ¶ 26, 316 Mont. 282, 70 P.3d 1253. Therefore, we will presume that a district court's decision is correct and will not disturb it on appeal unless there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion. *In re E.K.*, 2001 MT 279, ¶ 33, 307 Mont. 328, 37 P.3d 690. We have recognized on numerous previous occasions that "[i]n determining whether to terminate parental rights, 'the district court is bound to give primary consideration to the physical, mental, and emotional conditions and needs of the children,' thus 'the best interests of the children are of paramount concern in a parental rights termination proceeding and take precedence over the parental rights.'" *Id.* (citing *In re J.W.*, 2001 MT 86, ¶ 8, 305 Mont. 149, 23 P.3d 916).

¶6 D.B. first contends that the District Court erred in failing to hold an adjudicatory hearing and state findings of fact in its order adjudicating C.H. and B.B. youths in need of care. However, where—as here—a party stipulates to the adjudication of the children as

3

youths in need of care, the court has no obligation to establish the factual basis or state particular findings of fact. *In re P.S.*, 2006 MT 4, ¶ 15, 330 Mont. 239, 127 P.3d 451.

¶7 D.B. next contends that his right to due process was violated when the District Court suspended his visitation through an interim order. D.B. cites no authority for his contention that an evidentiary hearing must precede the suspension of visitation under circumstances such as those present in this case. When applying the statute, the best interest of the children is a paramount concern. *In re E.K.*, ¶ 33. The Court held a hearing on January 9, 2009, and confirmed that it was in the best interest of C.H. and B.B. when D.B's visitation was suspended.

¶8 Finally, D.B. contends that the District Court's finding that he failed to comply with his treatment plan is not supported by substantial credible evidence. It is a long-standing principle that complete compliance with a treatment plan is required, as opposed to partial compliance or even substantial compliance. *In re N.A.*, 2002 MT 303, ¶ 36, 313 Mont. 27, 59 P.3d 1135. As part of the treatment plan, D.B. was required to contact his social worker every week. The District Court received substantial credible evidence by D.B.'s own admission that he failed to contact his social worker as required and by evidence presented at trial that D.B.'s parenting abilities would not likely change within a reasonable time.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We conclude the District Court's findings of fact are supported by substantial evidence and

the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶10    The District Court's termination of D.B.'s parental rights is affirmed.


/S/ BETH BAKER


We concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS